HENRIETTA DEMILL ET AL v. JAMES MOFFAT.

*Ejectment—Instructions to the jury—Costs on mistrial.*

A trial judge should never take a case from the jury on the evidence unless it is very clear; and when he does so, he should specify the particular ground or grounds of his ruling.

A trial judge has a right to direct the jury's attention to any essential point in the case which he thinks the plaintiff has given no evidence fairly tending to prove; and he may advise them to render verdict accordingly.

A trial judge should advise the jury as to the bearing of the evidence upon any point in the case which may in any view be controlling.

The Supreme Court reviews judgments in law cases upon questions of law only. It has no authority to review a case at law upon the facts and decide from the record whether the plaintiff has made out such a case as would entitle him to go to the jury, and if he has, whether the defendant has met it by so unquestionable a defense as to leave the jury no discretion to do anything but give him a verdict.

An action of ejectment involved the questions of title by inheritance in the plaintiffs, or of title by conveyance, tax-deed and absolute possession in the defendant. The trial judge charged the jury simply that defendant was entitled to their verdict, and did not specify on what grounds. *Held* that judgment should be reversed and a new trial ordered as for mistrial.

Adverse possession is a defense resting wholly upon facts.

Title by deed is a question of fact.

Costs are not awarded where the result in the trial court is in the nature of mistrial.

Error to St. Clair.    Submitted Jan. 20.    Decided Jan. 26.

EJECTMENT.    Plaintiffs bring error.    Reversed.

*Whipple & Voorheis* for plaintiffs in error.

*Brown & Farrand* and *O'Brien J. Atkinson* for defendant in error.

COOLEY, J.    This is an action of ejectment.    The plaintiffs claim title to the land in dispute as heirs at law of one Thorn. The defendant claims through a deed which he alleges was

given by Thorn in his life-time to one Hamilton. He also claims by tax-title and by adverse possession for twenty years. Elaborate testimony was taken in the court below, at the conclusion of which the defendant would seem to have insisted that the plaintiffs had not proved their heirship, and also that by reason of a failure to suggest of record in due form the death of a plaintiff, the surviving plaintiffs were not in position to take judgment. In this state of the case, after argument by counsel, the circuit judge addressed the jury as follows: " Gentlemen of the jury: I have this to say to you; only this and nothing more. The defendant is entitled to your verdict." The jury returned a verdict accordingly, and the whole case is now brought before us on exception to the charge.

This Court reviews the judgments of the circuit court in law cases on questions of law only. What question of law is involved in this charge of the circuit judge? Was he of opinion that the plaintiffs had given no evidence tending to the proof of their heirship? If he had said that, we could have reviewed the evidence on that point, and should probably have had no difficulty in pointing out his error. Did he think adverse possession was satisfactorily made out? If so, as that is a defense resting wholly upon facts, it is plain he should have taken the opinion of the jury, unless the facts were unmistakable in their import and were undisputed. Did he think the defendants had proved title out of Thorn through the alleged deed to Hamilton? This again was a question of fact, and the existence of the fact was denied and vigorously contested. But we need not proceed from point to point in the case and endeavor to surmise on what ground the plaintiffs were turned out of court. The circuit judge has given us no light on that point, and the record can afford none.

What we are asked to do in this case is to examine an elaborate record in order to ascertain whether the plaintiffs made out such a case as entitled them to go with it to the jury, and if so, whether the defendant met it by any defense that was so entirely unquestionable as to leave to the jury no

discretion to do otherwise than give him a verdict.   In other words we are invited to review this case upon all the facts. It is sufficient for us to say in reply that the law has given us no such authority.

What the circuit judge should have done in this case, was to submit the evidence to the jury under proper instructions. If in his opinion the plaintiffs had given no evidence fairly tending to prove any essential point in their case, it was his privilege to direct the attention of the jury to that point, and advise them to render verdict accordingly.   It was also his right and his duty to advise the jury upon the bearing of the evidence upon adverse possession, upon the alleged deed of Thorn to Hamilton, upon the tax-title, and upon any other point in the case arising upon the facts that might in any view be controlling.   The jury would thereby be enabled to discharge their duty intelligently, and if a dissatisfied party shall then bring the case up for review, we shall have no difficulty in addressing our attention to the questions—and the only questions—that under the Constitution and laws we are at liberty to pass upon.   It must be a very clear case indeed that will justify the judge in taking the case from the jury on the evidence, and he should never do so without specifying the particular ground or grounds which appear to him to justify it.

The judgment must be reversed and a new trial ordered. But as the result in the suit below was in the nature of a mistrial, no costs will be awarded.

The other Justices concurred.