THOMAS B. RAYL ET AL. v. THE ESTATE OF GEORGE H. HAMMOND, DECEASED.

*Practice in the Supreme Court—Costs—Mistrial—Directing verdict —Specification of reasons.*

1. Costs are not awarded where the result in the trial court is in the nature of a mistrial.

2. This Court will not search the record to ascertain whether there is any evidence in it to sustain or reverse the decision of the trial court in directing a verdict one way or the other, without giving any reason therefor, or any statement as to the points of law upon which the direction is based, but will reverse the judgment ·on the ground of a mistrial; citing *Demill v. Moffat,* 45 Mich. 410.

Error to Wayne.    (Brevoort, J.)    Argued January 12, 1893. · Decided March 10, 1893.

Claim against the. estate of a decedent.    Claimants bring error.    Reversed.    The facts are stated in the opinion.

*Corliss, Andrus & Leete (Alfred Russell,* of counsel), for appellants.

*George H. Lothrop (Don M. Dickinson* and *Allen B. Morse,* of counsel), ·for defendant.

GRANT, J.    William Davis and his sons, Samuel H. and David W., were the owners of letters patent on an improved refrigerator car, for the preservation of meats and other perishable articles while in transportation.    In July, 1869, they made a contract with George H. Hammond and Caleb Ives, by which they were granted the exclusive rights under said letters patent, and agreed to furnish all the necessary capital, and to engage in the business of manufacturing and running upon railroads refrigerator cars

made according to said letters patent, and in purchasing and transporting in such cars, and selling in fit markets, meats and other articles. A supplemental contract was made between them in March, 1872. By these contracts the Davises were to receive one-sixth of the net profits of the business. Upon the death of William Davis, Mr. Rayl became his representative. Under the record as now presented, it is unnecessary to state further the terms of these contracts.

Mr. Hammond died in 1886, and plaintiffs presented a large claim in the probate court against his estate, claiming that Hammond and his partners made false statements to them of the profits of the business, that they had been thereby defrauded, and claiming the difference between the amounts they had received and the actual profits made. An appeal was taken to the circuit court, and issue there framed for trial. Several defenses were interposed by the plea of the administrators, viz.:

1. That the commissioners on claims in said estate, and therefore the circuit court, had no jurisdiction to hear and determine the claim.

2. That the claim is barred by the statute of limitations.

3. That claimants filed a bill in chancery in December, 1879, against Hammond and his partners for an accounting, in which they made the same charges and claims, involved in this suit; that that suit was compromised and settled, and is therefore a bar to the present claim.

4. The general issue, which is a denial of the plaintiffs' claim upon the merits.

When the plaintiffs had rested their case, the court directed a verdict for the defendant, without giving any reason therefor, or any statement as to the points of law upon which its direction was based. A long record is now presented to us for examination to determine whether there is anything in it to show that the charge is erroneous.

In *Demill v. Moffat*, 45 Mich. 410, it is said:

"'This Court reviews the judgments of the circuit court in law cases on questions of law only. * * * We need not proceed from point to point in the case, and endeavor to surmise on what ground the plaintiffs were turned out of court. The circuit judge has given us no light on that point, and the record can afford none. What we are asked to do in this case is to examine an elaborate record, in order to ascertain whether the plaintiffs made out such a case as entitled them to go with it to the jury, and, if so, whether the defendant met it by any defense that was so entirely unquestionable as to leave to the jury no discretion to do otherwise than give him a verdict. In other words, we are invited to review this case upon all the facts. It is sufficient for us to say in reply that the law has given us no such authority."

It was also there held that when a judge takes a case from the jury he should specify the particular ground or grounds that appear to him to justify it.

Several grounds of defense are urged in this case, and it is impossible from this record to tell which one of them the judge held to be a complete defense to the action. It is not the duty of this Court to search the record to ascertain whether there is any evidence in it to sustain or reverse the decision of the court in simply directing a verdict one way or the other. It is the duty of counsel to present their propositions of law, and of the Court to specifically pass upon them, or such of them as he deems to be decisive of the case.

For this reason the judgment must be reversed, and a new trial ordered, but, since the result is in the nature of a mistrial, no costs will be allowed. The learned counsel for the defendant seeks to distinguish this case from *Demill v. Moffat*, by insisting that here there are no disputed questions of fact, and that therefore we should decide it upon the point which he claims to be fatal to plaintiffs' right of recovery. This would result in overrul-

ing that case, and deciding questions in this Court without knowing whether they were passed upon by the court below, and in sanctioning a practice there so emphatically condemned.

The other Justices concurred.