### HANLEY *v.* BALCH.

Directing Verdict—Reasons Assigned—Appeal.

Where the trial judge, upon directing a verdict for the defendant, states as his reason for such action that the evidence will not support a verdict for the plaintiff, the judgment will not be reversed because of the failure of the court to specify the particulars in which he deems the evidence to be insufficient. *Demill* v. *Moffat*, 45 Mich. 410, and *Rayl* v. *Estate of Hammond*, 95 Mich. 22, distinguished.

Error to Wayne; Frazer, J. Submitted June 6, 1895. Decided July 2, 1895.

Case by George Hanley, for the use and benefit of John T. Ryan, against George W. Balch and others, for alleged conspiracy to wreck a corporation in which Ryan was a stockholder. (See 94 Mich. 315.) From a judgment for defendants upon verdict directed by the court, plaintiff brings error. Affirmed.

*Dickinson, Thurber & Stevenson* (*John Atkinson*, of counsel), for appellant.

*Griffin & Warner* (*Otto Kirchner*, of counsel), for appellees.

Hooker, J. The court directed verdict for defendants. The first question is whether a general direction, without giving reason therefor, should be reversed.

This case differs from *Demill* v. *Moffat*, 45 Mich. 410, in that it does give a reason, viz., that the evidence will not support a verdict. In that case the court said, "The defendant is entitled to your verdict."

In *Rayl* v. *Estate of Hammond*, 95 Mich. 22, the court directed a verdict for defendant without giving any reason therefor, or any statement as to the points of law upon which its direction was based. This, it was held, could not be distinguished from *Demill* v. *Moffat*.

Neither of those cases showed whether the verdict was directed by reason of a jurisdictional question, or because of a want of evidence to establish plaintiff's case, or for the reason that there was affirmative proof conclusively establishing a defense. As already said, in the case before us the judge explicitly states a reason, viz., that there was not sufficient evidence to warrant a verdict. He might, perhaps, have mentioned some point or points upon which evidence was lacking, but in such case, if we found him mistaken as to the particular point stated, it would not require a reversal if the evidence was lacking in another essential. The ground that the evidence would not support the verdict was the basis of the charge, and, as we sought to show in *Tillotson* v. *Webber*, 96 Mich. 153, this is distinguished from the cases of *Demill* v. *Moffatt* and *Rayl* v. *Estate of Hammond*.

The propriety of the judge's holding remains to be considered. The decision of that question involves no legal question of interest, and depends entirely upon the evidence, and we think it unprofitable to review this at length. An examination of the record satisfies us that the trial court did not err in stating that the plaintiff had failed to establish a case.

The judgment will therefore be affirmed.

The other Justices concurred.