HOWEY v. FISHER.

NEGLIGENCE—QUESTION FOR JURY.

The action of the trial court in directing a verdict for the defendant in a suit for injuries sustained by falling upon an icy sidewalk was *held* to have been erroneous, in that the evidence offered by plaintiff as to defendant's negligence in failing to keep his eaves troughs in repair, thereby permitting an accumulation of ice, raised a question of fact for the jury. GRANT, J., and LONG, C. J., dissenting.

Error to Wayne; Frazer, J. Submitted November 12, 1896. Decided January 5, 1897.

Case by Margaret J. A. Howey against Maxwell M. Fisher for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Frank T. Lodge,* for appellant.

*Charles Flowers,* for appellee.

MOORE, J. The plaintiff sued the defendant to recover damages because of injuries received by her, caused by her slipping upon an icy sidewalk. The defendant was the owner of a dwelling house on Duffield street, in Detroit, which came out nearly or quite to the street line. There were eaves troughs upon this house, which were connected with a pipe which led to the sewer. It was claimed by the plaintiff that these eaves troughs had been out of repair for a long time, resulting in a dangerous accumulation of ice on the sidewalk, whenever it rained and froze, or when snow on the roof was thawed, followed by freezing weather. It was also the claim of the plaintiff that defendant had been notified of the situation. Defendant denied that the eaves troughs were out

of repair, and claimed that new ones had been put up in
June prior to the accident. Evidence was given tending
to support the theory of each of the parties. The circuit
judge submitted the case to the jury in the following
charge:

"Gentlemen of the jury: This action, as I have stated,
was brought for the purpose of recovering damages
alleged to have happened to plaintiff on account of slip-
ping upon an icy sidewalk in front of the premises of the
defendant, or adjoining the premises of the defendant.
The only question there is for you to consider, as I under-
stand the law, is whether the eaves troughs were out of re-
pair at the time this accident happened. The allegation in
the declaration in this case claims that the eaves troughs
upon the building were out of repair, and that, on account
of their being out of repair, the water ran upon the side-
walk, and, freezing, became ice, and, on account of this
condition of the eaves troughs and the ice formed upon
the sidewalk, that the plaintiff, without negligence upon
her part, slipped and fell. Now, gentlemen of the jury,
you have heard the testimony in this case concerning the
condition of these troughs. You have heard the testi-
mony of these women, who have given their testimony
concerning the condition, and about passing by there;
but it is not your duty to consider any testimony, except
such testimony as shall relate to the time that this acci-
dent occurred. If they have proved a condition of affairs,
—that is, defective eaves troughs, being defective for
want of repair,—and that that condition existed up to
the time the accident happened, then, if you find that
condition existed at that time, you are at liberty to enter
upon the consideration of the other questions in this
case, which I shall submit to you. You have also heard
the testimony of the young man who came upon the
stand, and said that he put these eaves troughs in at a
certain time,—in June, I think,—and that this accident
occurred in January, if I am not mistaken; and if you
shall find from the testimony, and believe it to be true,
that those eaves troughs were repaired in June, or made
new, or put in good and proper condition and repair, and
that they remained so up to the time of the accident, then
your verdict must be for the defendant, because, if these
eaves troughs were not out of repair, under the declara-
tion in this case, the plaintiff would not be entitled to

recover. You are to consider all the testimony on both sides of this case for the purpose of determining that condition, and then you must ascertain, further, that there was a reasonable time existing between the time at which this condition existed, or that Mr. Fisher had some knowledge of it,—that it was brought in some way home to him. There has been some evidence tending to show that, for a long time previous, these eaves troughs had been out of repair, and there is some little evidence tending to show that some notice of this condition of affairs was brought home to Mr. Fisher; but if, subsequent to that time, this condition in the eaves troughs was remedied, then that notice would amount to nothing."

After the jury had been out for a time, the judge recalled them, and directed them to find a verdict for the defendant, for the reason that there was no evidence of want of repair of the eaves troughs or conductor. The plaintiff brings the case here, and makes some assignments of error in relation to the exclusion of testimony.

We do not think the court was in error in excluding the testimony he did. The question is not, however, of sufficient importance to make it necessary to discuss it here. The important question in the case is whether the court was in error in directing a verdict for the defendant when there was conflicting evidence in relation to the condition of the eaves troughs. In *Demill* v. *Moffat*, 45 Mich. 410, it was held that a trial judge should never take a case from the jury on the evidence, unless it is very clear; and, when he does so, he should specify the particular ground or grounds of his ruling. This case has been followed by a long line of authorities: *Goodale* v. *Bridge Co.*, 55 Mich. 413; *People* v. *Eaton*, 59 Mich. 559; *Carver* v. *Plank-Road Co.*, 61 Mich. 584; *Buhl Iron Works* v. *Teuton*, 67 Mich. 623; *Parrish* v. *Bradley*, 73 Mich. 610; *Slade* v. *Lee*, 94 Mich. 127. We think the trial court was in error in directing a verdict for the cause stated by him.

Judgment is reversed, and new trial ordered.

MONTGOMERY and HOOKER, JJ., concurred with MOORE, J.

GRANT, J. (*dissenting*).   I think the court was correct in directing a verdict for the defendant.   There is evidence that the eaves trough and conductors were once out of repair, and that defendant had been notified of this the latter part of 1889 or first of 1890.   One John Eagan, a tinner, testified that he put on a new eaves trough and conductors June 23, 1892, only six months prior to the accident; that they were put in perfect order; that he had seem them frequently thereafter; and that they continued so.   Mrs. Fleming, who rented the house, testified to the same thing.   So, also, did the defendant.   There was no evidence to contradict these three witnesses that the old eaves trough and conductors had been replaced by new ones.   If these new ones were improperly constructed, or had gotten out of repair, or for any reason were defective, there is no testimony to show that the defendant had knowledge of it, and defects in construction or material are not alleged.   The conductors connected with the sewer close to the building, and in this respect the case differs from *Gavett* v. *City of Jackson*, 109 Mich. 408. The streets and sidewalks in the city of Detroit were at that time covered with ice.   Plaintiff's own witnesses testified that there was ice all along on the sidewalk, and in this street, and also in the other streets of the city, and that the ice could not be taken off.   Plaintiff herself testified that it would not have been safe for her to go out into the street, because there was ice on the stones.   She testified: "It [the ice] had made no ridge, but it was a layer of ice about a yard square.   I should judge the ice was an inch or two inches thick."   Plaintiff's witnesses testified that Mrs. Fleming, who leased and occupied the premises, kept her sidewalk clean, and in better condition than did most others in the vicinity.   The weather was cold, and the snow on the roof thawed to some extent, and, as it reached the trough, froze and overflowed.   I think it very clear that the overflow of the water was not the result of any defect in the trough or conductor, but resulted from natural causes.

There was, therefore, no negligence. *Gavett* v. *City of Jackson, supra.*

I think the judgment should be affirmed.

LONG, C. J., concurred with GRANT, J.