## WILLIAMS v. SAGER.

1. HIGHWAYS AND STREETS— NEGLIGENCE — PLEADING— DECLARA-
TION.
    Plaintiff's declaration, in an action against a contractor en-
    gaged in paving a street, for failing to light or protect an ex-
    cavation at a street crossing, sufficiently averred that the in-
    jury occurred on a public street, by stating that the street
    was, on the day of the injury, and for a long time previous
    thereto had been, used as a public highway, and that the in-
    tersecting street where plaintiff was injured, was so used and
    occupied.

2. SAME.
    And whether defendant rightfully under his contract with the
    municipality, or wrongfully, excavated the street, he was
    liable for an omission to properly guard the public against
    injury.

3. SAME.
    There being evidence that he failed to display a danger signal,
    the question was for the jury.

4. SAME — CONTRACTORS — MUNICIPAL CORPORATIONS — PUBLIC
WORKS AND IMPROVEMENTS.
    No notice to the contractor of the time, place, and extent of
    plaintiff's injury was required although the municipal charter
    provided for notice to the city.

5. SAME—CONTRIBUTORY NEGLIGENCE.
    And the question of plaintiff's contributory negligence was
      properly submitted to the jury.

Error to Saginaw; Gage, J. Submitted April 12, 1911. (Docket No. 101.) Decided May 8, 1911.

Case by Bertha Williams against William N. Sager for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. J. Lamson* (*R. L. Crane*, of counsel), for appellant.

*Thos. G. Baillie*, for appellee.

HOOKER, J. The plaintiff recovered a verdict for $450 for injuries sustained through the alleged actionable negligence of the defendant, a paving contractor, and he has appealed.

The declaration alleges:

"For that, whereas, heretofore, on, to wit, the 1st day of July, A. D. 1909, and for a long space of time previous thereto, Warren avenue within the city of Saginaw has been used and occupied as a public highway for the passage of vehicles and pedestrians, the said Warren avenue running north and south within the said city of Saginaw, county of Saginaw, and State of Michigan, and the said Warren avenue is intersected by Remington street, the same being a public highway for the use of vehicles and pedestrians, and runs east and west within the city of Saginaw.

"That, heretofore, on, to wit, December 1, A. D. 1909, the board of public works of the city of Saginaw, on behalf of the said city of Saginaw, contracted with one William N. Sager, defendant in the above-entitled cause, for the laying of a pavement on said Warren avenue and intersections between Holland avenue and the Michigan Central Railroad crossing on said Warren avenue according to specifications prepared by the said board of public works; that, on or about, to wit, June 1, 1909, the said William N. Sager, defendant in the above-entitled cause, acting under the contract so made with the city of Sag-

inaw through its board of public works, commenced laying of the pavement on said Warren avenue and intersections, and tore up, excavated, and rendered impassable said Warren avenue and intersections, for the purpose of laying the said pavement as aforesaid, which pavement was to extend from, to wit, Holland avenue to the Michigan Central Railroad crossing on said Warren avenue; the said Remington street intersecting said Warren avenue between said Holland avenue and the said Michigan Central Railroad crossing.

"Plaintiff further avers that the part of Warren avenue which is intersected by Remington street and which extends west about, to wit, 15 feet from the west curb of Warren avenue proper, to meet Remington street, is known as the westerly intersection of Warren avenue with Remington street, and she further avers that the sidewalk on the westerly side of Warren avenue crosses said westerly intersection of Warren avenue with Remington street.

"Plaintiff further avers that it was the duty of the said William N. Sager, defendant in the above-entitled cause, to properly guard, light, and protect the said Warren avenue, and to guard the said westerly intersection of Warren avenue with Remington street, the same being torn up, excavated, and prepared for pavement, and it was the duty of said defendant to protect said street during the time that it was torn up, excavated, and in a dangerous condition, made so for the purpose of laying the said pavement as aforesaid, and that it was his duty to properly guard said street; and further it was his duty in the nighttime to properly watch, light, and protect the crossings, intersections, and parts of said streets, made impassable by the reason of the laying of the said pavements as aforesaid, and to take all possible precautions to warn pedestrians and persons traveling thereon of the dangerous condition thereof; but the plaintiff alleges that the defendant wholly failed and neglected to perform his duty in this respect, but that, on the contrary, the said intersection of Warren avenue with Remington street, at the point torn up, excavated and prepared for pavement as stated aforesaid, was in an uprotected and unlighted condition, and that there was no warning given to pedestrians and persons traveling the said highway of the dangerous condition of said highway at the intersection of Warren avenue with Remington street.

" Plaintiff further alleges that on, to wit, the 1st day of July, A. D. 1909, that she was walking on the west side of Warren avenue on the sidewalk used for pedestrians, the same being on the public highway and a part of Warren avenue, and lawfully traveling thereon, and that she was walking north on the said westerly sidewalk on said Warren avenue, the time being, to wit, about 9:00 o'clock p. m. on said day, and that at the point where said westerly sidewalk crossed the westerly intersection of Warren avenue with Remington street the said westerly intersection of Warren avenue with Remington street was torn up, excavated, and various holes made in said street, and that without any negligence or want of care on the part of said plaintiff, but because of the unguarded, unlighted, and unprotected condition of said westerly intersection of said Warren avenue with Remington street, and because of lack of warning which it was the duty of said defendant to give said plaintiff, and because the said westerly intersection of Warren avenue with Remington street at the point above mentioned was not properly guarded, lighted and protected, which it was the duty of the said defendant to so properly guard, light and protect, and which duty he wholly failed to perform, and being unable to see the condition of the said westerly intersection, and without negligence or want of care on her part, that she was then and there precipitated and hurled down into said excavation, so made in said westerly intersection aforesaid, by means whereof said plaintiff then and there became and was greatly hurt, bruised, cut, and wounded, and thereby then and there sprained her right ankle and tore the muscles of her right ankle, and became and was sick, sore and lame, and disordered, and so remained and continued for a great space of time, to wit, etc."

The plaintiff testified that she rode on a Warren avenue car on Holland avenue to the corner of Warren avenue. The conductor informed her that Warren avenue was torn up, and that she would have to walk two blocks and take another car, and gave her a transfer for the purpose. She walked up the board sidewalk on the west side of Warren avenue and stepped down at the intersection of Remington street, not knowing that the street had been excavated at the intersection, and was injured.

The paving contractor is the sole defendant, and the neg-

ligence alleged is his failure to protect and light the inter-

section, or in any way warn pedestrians of the dangerous

condition of the intersection.   See 5 Thompson on Negligence (2d Ed.), § 6041, and cases cited; *Flater* v. *Fey*, 70 Mich. 644 (38 N. W. 656); *Ella* v. *Boyce*, 112 Mich. 552 (70 N. W. 1106); *Howey* v. *Fisher*, 111 Mich. 422 (69 N. W. 741); *Id.*, 122 Mich. 43 (80 N. W. 1004).

The annexed map will serve to explain the situation. She testified that it was very dark and that no lights were burning on the street, nor was there any danger signal. This was denied by a witness, who said he was a watchman; that he put up a lamp that night and saw that it burned all night.   A witness who found plaintiff and assisted her testified that she knew this watchman, and that he was not employed to watch at that time, but began such duties the next night.

**Declaration.**   Counsel's first point is that the declaration does not specifically allege that the place of the accident was at that time a public highway, and open to public travel.   The first paragraph states that Warren avenue was, on the day of the accident and for a long time previous thereto had been, used and occupied as a public highway, etc.,   *   *   *   and that Remington avenue was also.   This is a sufficient allegation.

**Contract.**   Defendant's counsel assert that the declaration and testimony show that the real foundation of plaintiff's case is that defendant did not perform his duty according to the terms of his contract with the city, wherein he promised:

"Said first party (Mr. Sager) also agrees to maintain at all times a good and sufficient fence, railing, or barrier around all unsafe portions of said work in such a manner as to prevent accident, and it shall also be the duty of said contractor to place upon said barrier or railing at evening twilight of each day suitable and sufficient colored lights, and keep them burning during the night."

It is contended that the plaintiff was a stranger to this contract, and not in privity with defendant, and therefore a right of action did not arise upon it, and the court so

charged the jury. Its admission in evidence is claimed to have been erroneous.

This declaration sets up the contract relations between the city and the defendant, but it does not allege that the duty of the defendant was created by or was dependent upon the contract. No demurrer was filed, and the parties went to trial upon pleadings. Whether defendant rightfully or wrongfully made the excavation in the public highway, he was liable for an omission to properly guard and protect the public against injury, and his duty to the plaintiff in that regard could neither be increased nor diminished by his promise to the city. Hence the contract was not admissible. No exception to its admission was taken, however, and we need not consider the question further.

We have examined the other questions. They need little comment. There was proof that the two streets were public highways and open to public travel, and it was so alleged. It was not the duty of the court to instruct the jury that plaintiff had any knowledge that Remington street was torn up where she fell.

The requests to charge were fairly covered by the charge. There was evidence that no danger signal was displayed. Hence the court did not err in leaving that question to the jury.

The requirements of the charter as to notice to the city have no application to the defendant.

The question of contributory negligence was for the jury, and it was not error to refuse to direct a verdict for defendant.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.