PARSILLE *v.* BROWN.

1. TRIAL—DIRECTING VERDICT—PRACTICE—REASONS.

Reasons for the direction of a verdict should be stated by the trial court.

2. SAME—STATUTES.

The direction of a verdict constitutes a charge within the purview of the statute. 3 Comp. Laws, § 10247 (Act No. 101, Pub. Acts 1885).

3. SAME—CHARGE—DIRECTED VERDICT.

An assignment of error that the court erred in taking the case from the jury may properly be construed to mean that the testimony presented a question of fact and that the court erred in directing a verdict for the appellee.

4. EQUITY — JUDICIAL BONDS—VALIDITY—JUDGMENTS—COLLATERAL ATTACK.

Plaintiff brought an action upon a judicial bond given in chancery proceedings that he had instituted to have a receiver appointed for crops grown upon lands held by the obligor, his tenant. Defendant had taken his appeal from the order of restitution of the circuit court commissioner and had given an appeal bond in the sum of $1,200. The crops were worth over $1,900, and the landowner, deeming the bond insufficient, asked for a receiver. By the decree, upon complainant's bill therefor, a receiver was appointed by the court to take possession of any crops that might be grown on the premises unless the tenants should furnish a sufficient bond, as security, which defendant filed. Defendant contended that it was invalid because the court had no jurisdiction, the remedy at law being adequate and complete, and that the order appointing a receiver was void, for want of equitable authority. *Held*, that the court did not exceed its jurisdiction and that the bond was valid, that the order for a receiver was also within the equitable power of the court, and, no appeal having been taken, was not subject to collateral attack.

BIRD, J., dissenting.

Error to Chippewa; Fead, J. Submitted April 27, 1915. (Docket No. 151.) Decided October 29, 1915.

Debt by Herbert L. Parsille, for the benefit of David Brown, against Hugh Brown and others on a judicial

bond. Judgment for plaintiff. Defendants bring error. Affirmed.

*Albert E. Sharpe,* for appellants.

*John W. Shine,* for appellee.

OSTRANDER, J. The suit is upon a bond. The trial by the court and a jury resulted in a verdict for the plaintiff directed by the court. The court properly (*Demill* v. *Moffat,* 45 Mich. 410 [8 N. W. 79]; *Bergstrom* v. *Staples,* 82 Mich. 654, 657 [46 N. W. 1035]; *Rayl* v. *Hammond's Estate,* 95 Mich. 22 [54 N. W. 693]; *Howey* v. *Fisher,* 111 Mich. 422, 424 [69 N. W. 741]; see, also, *Tillotson* v. *Webber,* 96 Mich. 144, 153 [55 N. W. 837]; *Hanley* v. *Balch,* 106 Mich. 46 [63 N. W. 981]), stated the reasons for directing the verdict. One reason, the principal one, was that the admissions of defendant Brown in his testimony, and other uncontradicted testimony, required it. Defendants had moved for a directed verdict in their favor. A bill of exceptions was settled, but there are no exceptions—at least none are noticed in the index to the record, and none are referred to in the brief for appellants. It is assigned as error that a verdict was so directed, and that one was not directed for defendants, and it is assigned as error that the court refused certain instructions asked for by defendants, and refused defendants the right to introduce certain testimony. Counsel for appellee contends there is nothing for this court to review.

The statute (3 Comp. Laws, § 10247), as amended by Act No. 52, Pub. Acts 1901, permits errors to be assigned upon the charge of the court. It was suggested at the hearing, *arguendo,* that the direction of a verdict was a charge, within the meaning of the statute. The statute was passed in 1885 (Act No. 101). Both before and after its enactment, in *Demill* v. *Moffat,* in *Rayl* v. *Hammond's Estate,* and in *Hanley*

v. *Balch, supra,* this court spoke of the direction as a charge, which in effect it is. The rule that reasons should be given by the trial court for directing a verdict supports the conclusion that a directed verdict ought to be treated as a charge, and we hold that it is a charge within the meaning of the statute referred to.

The single assignment of error based upon the charge is the one that the court erred "in taking the case from the jury and directing a verdict for the plaintiff." What question of law is presented by this assignment when read with the charge? It is naturally construed to mean that a question of fact was presented by the testimony, for which reason a directed verdict was improper. When the record is examined it is found that, while requesting a directed verdict, defendants also claimed, if a directed verdict in their favor was refused, the right to go to the jury upon the question of what, if anything, was due defendant Hugh Brown from one David Brown, as affecting the amount of plaintiff's recovery. Turning to the brief for appellants, we find the following:

"The theory of the defense in this case in the circuit court was that this bond was void and uncollectible for lack of consideration, and because the circuit judge had no authority to order it given. The further defense was made that there was no breach of the terms of the bond proven in the case; that if the bond were valid, there could be no liability upon it until David Brown had exhausted his remedy on the regular appeal bond given to the circuit court commissioner, on which the penalty was $1,200, which was estimated at double rental value of the land. It was further claimed that the bond was void upon its face for lack of express consideration. These questions were all clearly brought before the court by defendant's requests to charge, and our assignments of error are based principally on the refusal of the court to give these requests, and on his direction of a verdict in favor of plaintiff."

It appears that from a judgment of restitution of certain premises, in favor of David Brown, Hugh Brown appealed to the circuit court. Pending a trial in that court, David Brown filed a bill in equity, praying, among other things, for a receiver for the crops for the then current year (1913), the proceeds to abide the further order of the court. An answer was filed. An order was made that a receiver be appointed, unless Hugh would give a bond to the clerk of the court to account for the crops. The bond was given. It runs to Herbert L. Parsille, clerk of the circuit court for the county of Chippewa, his successors and assigns. It is conditioned as follows:

"The condition of this obligation is such that in case David Brown shall recover possession from the said Hugh Brown of the east half (E. ½) of the southwest quarter (S. W. ¼) and the west half (W. ½) of the southeast quarter (S. E. ¼), except that part west of the Mackinaw Road and that part of the W. ½ of the S. W. ¼ lying east of the Mackinaw Road, of section twenty-five (25) in town forty-seven (47) north of range one (1) west, or shall be adjudged entitled to the possession thereof, or in case William Godfrey shall recover possession of said lands, the said Hugh Brown will account for and pay over to the said clerk the proceeds of all the crops grown on said lands for the year 1913, less such sums as may be allowed by the court for harvesting and marketing the same, to be disposed of as the court shall direct and if the said Hugh Brown shall suffer no waste in respect to said farm and shall care for and harvest the said crops in proper shape and in good and workmanlike manner and shall afford such person as may be agreed on by counsel or appointed by the said clerk of this court, at the expense of said David Brown, opportunity to be present at the baling of the hay and the threshing of the grain grown on said farm, then this obligation to be void, otherwise to be and remain in full force and effect."

Hugh held the land until October 1st, harvested the crops, but did not account for them. They were worth

$1,900. It appears, further, that before the action to recover possession was heard by the circuit court commissioner, Hugh Brown, the defendant therein, applied to the circuit court, in chancery, for an injunction to restrain the proceedings to obtain restitution, claiming that he had no legal defense to the action. The application was denied. The farm consisted of 160 acres of improved land; the crops were hay and 20 acres of oats. The term of court to be held next after the appeal from the commissioner's judgment was the September term. Hugh Brown gave a bond on appeal in the sum of $1,200, fixed by the commissioner as twice the rental value of the land.

It is said in argument that the bond is void as given without consideration, and because the order for a receiver was void. Without admitting that the single assignment of error available to the appellants presents the rulings upon these points for review, we may say that it does not appear that the order for the receiver was intended, or was necessarily calculated, to oust the tenant from possession of the land or its management, or to transfer the possession of personal property. The court making the order seems to have been convinced, not upon an *ex parte* application, but upon a hearing, that the proceeds of the crops ought to be preserved, so that the person finally found to be entitled to them could have them. To what extent the court was affected, or should have been, by the fact that an appeal bond had been given, we cannot tell. We hold only that the order for a receiver was not void. It was not appealed from. The bond was given, and there has been a breach of its conditions, so that by its terms, and the testimony, the plaintiff, the clerk of the court, was entitled to recover upon it the entire penalty. The money, when paid, will stand in the place of the proceeds of the crops, in the custody of the clerk.

No reversible error appears, and the judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, MOORE, and STEERE, JJ., concurred with OSTRANDER, J.

BIRD, J. (*dissenting*). Hugh Brown was in the possession of David Brown's farm, under a contract of purchase. David claimed Hugh's rights had expired thereunder, and demanded that he vacate. Hugh refused to go. David commenced proceedings before a circuit court commissioner to oust him, and obtained a judgment for restitution. Hugh appealed, and gave the statutory bond in double the amount of the rental value of the farm. David then filed a bill on the chancery side of the court for the appointment of a receiver to preserve the crops and the proceeds thereof. Hugh filed an answer, and the chancellor on a preliminary hearing ordered the appointment of a receiver in case a bond was not given, in the sum of $1,400, to cover the value of the growing crops. This is the bond upon which judgment was rendered in this suit.

I am unable to agree with Mr. Justice OSTRANDER that the judgment in this case should be affirmed. In my opinion the chancery court which ordered the bond in suit was without jurisdiction, because David Brown had an adequate remedy at law. He conceived that he had a grievance, and he selected a court of law himself in which to have that grievance redressed. He obtained the relief which he sought. Then why should he be permitted to have further redress in a court of equity? The only answer appears to be that the bond ordered by the commissioner was inadequate. If it were, he should have so protested at the time and introduced proof before the commissioner to show that the rental value was larger than the amount proposed to be fixed in the bond. He did not do this. He made no motion afterwards to have the penalty

enlarged; therefore we must conclusively presume that the rental value was properly fixed by the commissioner. The bond of $1,200 ordered by the commissioner covered the rental value. After this there was no occasion for a court of chancery to order another bond to cover the value of the crops. If Hugh paid the rental value, he was entitled to the crops, because the value of the crops was the principal factor in determining the rental value. It cannot be possible that he was liable for both, the rental value plus the value of the crops. If under the circumstances of this case the complainant was entitled to further relief in a court of equity, it establishes a new rule which may be followed in every case where the penalty in the appeal bond is fixed at a sum smaller than the complainant thinks it ought to be. The chancery proceedings must necessarily have shown upon their face that the plaintiff had an adequate remedy at law, and that he had pursued it. When this appeared, the chancellor should have dismissed the proceedings because this objection goes to the jurisdiction of the subject-matter.

The judgment should be reversed, and no new trial ordered.

The late Justice MCALVAY took no part in this decision.