## DARLING v. ABBOTT.

1. APPEAL AND ERROR—RIGHT TO REVIEW DENIAL OF MOTION TO DISMISS—FINDINGS OF FACT—PRACTICE—STATUTES.

   In an action commenced by attachment, where defendant appeared specially and moved to dismiss because the summons was prematurely returned, which involved an issue of fact, plaintiff's claim that the denial of the motion could not be reviewed on exceptions to the rulings unless request was made for findings of fact cannot be sustained; 3 Comp. Laws 1915, § 13749, apparently contemplating no such rule.

2. JUDGMENT — RES JUDICATA — DENIAL OF MOTION TO DISMISS FINAL.

   The decision on the special motion to dismiss that the writ was not prematurely returned rendered the question *res judicata* so that it was not subject to retrial on the trial of the case.

3. TRIAL—DENIAL OF MOTION TO DISMISS.

   Upon the record, the denial of a motion to dismiss, *held*, not erroneous.

   221—Mich.—29.

4. SAME—DIRECTED VERDICT—SUFFICIENCY OF REASONS GIVEN BY COURT.

Where plaintiff's counsel had fully stated cogent reasons in asking for a directed verdict, and defendant's counsel had no difficulty in pointing out in the assignments of error the reasons entertained by the trial judge in directing the verdict for plaintiff, it was not error for the trial court to adopt by reference the reasons stated in the motion rather than specifically reciting them.

5. FRAUD—CONTRACTS—WAIVER.

Where a buyer of timber, on the ground that, in the agreement to purchase, the quantity of timber had been overestimated, entered into a new agreement with the seller and received back his note for $5,000, he thereby waived any question of fraud in the original agreement.

6. BILLS AND NOTES—DEFENSES—DIRECTED VERDICT.

Where, in an action on a note given for the purchase of logs and standing timber, the note was due and unpaid, and no fraud in its procurement, and no damages for breach of contract were shown, the trial court properly directed a verdict for plaintiff.

7. LOGS AND LOGGING—DEFENSES—CONTINGENT CLAIM FOR SHORTAGE NOT ALLOWABLE.

In an action on a note given for the purchase of logs and standing timber, defendant's claim under the agreement for a shortage in the logs could not be allowed where there was no showing that the standing timber would not compensate for any such shortage, since the agreement must be taken as a whole, and in the absence of a showing that the standing timber had been cruised or estimated defendant had nothing more than a possible contingent claim for an indefinite amount.

Error to Newaygo; Barton (Joseph), J. Submitted October 17, 1922. (Docket No. 111.) Decided December 29, 1922.

Assumpsit by James P. Darling against Frank I. Abbott on a promissory note. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*White & Reber,* for appellant.

*Harold J. Cogger, Robert J. Quail,* and *William J. Branstrom,* for appellee.

WIEST, J.   This suit was commenced by attachment. The writ was issued December 17, 1920, and the return day of the summons in the writ was fixed as January 4, 1921.   The attachment was executed by seizure of logs on the day it was issued, and the summons was returned unserved.   Decision of a special motion in the circuit will first be considered. Defendant claims the summons was prematurely returned and so he appeared specially in the case and moved for dismissal of the suit.   At the hearing on such motion testimony was taken.   The motion was denied and exceptions to such denial filed.   Thereafter defendant entered his appearance with this reservation:

"You are also notified that said defendant does not in any manner waive any rights to object to the jurisdiction of the court over him in said cause."

At the trial defendant sought to retry the question of the premature return of the writ and the trial judge refused to permit him to do so, holding that the decision on the special motion rendered the subject *res judicata.*   Defendant assigns error upon the decision of the special motion and also upon the refusal of the court to retry the question.

Counsel for plaintiff insist that the court was clearly right in the ruling at the trial, and that defendant, in failing to request findings of fact at the hearing on the special motion, cannot ask this court to review the evidence.   Plaintiff invokes section 13749, 3 Comp. Laws 1915, which provides:

"Whenever in any action at law in a circuit court a motion to dismiss or quash the writ or declaration

upon jurisdictional grounds, or issues which under the former practice would have been raised by demurrer, plea to the jurisdiction or other dilatory plea shall be decided adversely to the party filing such motion, the decision may be reviewed  *  *  *  by assignment of error under a writ of error sued out to review the final judgment in the cause in case such party shall plead over and a final judgment upon the merits shall be rendered against him."

Counsel for plaintiff claim that, when a special motion raises a question of fact and the issue is tried on testimony submitted in open court, and not upon affidavits, exceptions to the ruling thereon do not bring the issue of fact for review to this court, unless there has been a request for findings of fact as in a trial before the court without a jury. Many cases relating to the practice in trials before the court without a jury, and upon motions for new trials, are called to our attention, and we are asked to apply the same rule to this special motion. The statute above cited seems to contemplate no such rule and we must decline to extend the rule contended for to a special motion of the character here involved.

At this point the writer of this opinion called for the writ of attachment, inspected by the circuit judge and by stipulation of counsel ordered to be sent here, and found a showing by the affidavits of the attorney for defendant and of the clerk of Newaygo county that the original writ of attachment cannot be found. We are, therefore, deprived of an inspection of the claimed erasures in the return indorsed thereon. We have carefully considered the showing and countershowing upon the question presented, and we are not persuaded that the circuit judge was in error in denying the motion. Neither was there any error committed in holding at the trial that the decision upon the motion rendered the question *res judicata* in that court. It would only extend this opinion, and

be of no value to the profession, to review the testimony given at the hearing upon the special motion. This brings us to the case itself.

Plaintiff owned a farm upon which was standing timber and cut logs. In Chicago he met defendant and represented that he had 300,000 feet of lumber in logs and 125,000 feet in standing timber, and a tentative agreement was reached, and later reduced to writing, under which, and before seeing the logs and standing timber, defendant agreed to pay $15,000 for the same; $7,500 in cash, a note for $2,500 due in one year and a note for $5,000 due in two years. The quantity of logs and timber was not specified in the contract. After execution of the contract the parties looked at the logs and a part of the standing timber, and at once defendant claimed the quantity would fall far short of the representation. Thereupon plaintiff, evidently impressed that he had misapprehended the quantity, returned to defendant the $5,000 note. The next day the logs were scaled and an estimate made of a part of the standing timber. The parties did not agree upon the result of the scale and the estimate. Plaintiff stated he wanted to be fair, and defendant claims he then proposed to pay plaintiff $45 per thousand feet for all above 150,000 feet of lumber cut from the logs, and $35 per thousand feet in excess of 75,000 feet cut from the standing timber. This offer was reduced to writing by defendant and shows:

"Ludington, Mich., April 22, 1918.
"It is hereby agreed by Frank I. Abbott all lumber cut over one hundred fifty thousand from logs now laid down on Sec. 7 and Sec. 18 shall be paid for at the rate of fifty dollars per M board feet. On standing timber on Sec. 7 all lumber cut from same in excess of seventy-five thousand board feet to be paid for at forty dollars per thousand board feet.
(Signed) "FRANK I. ABBOTT."

Defendant claimed his testimony instead of the writ-

ing was correct. He also claimed that plaintiff verbally said he would reimburse him, and

"make good for anything under 150,000 feet at the rate of $45.00 per thousand, and anything under 75,000 feet of standing timber at the rate of $35.00 per thousand."

On cross-examination, however, he modified this and claimed that such was his understanding derived from plaintiff's statement that he would make good on any shortage.

This suit was brought on the $2,500 note. Defendant's plea was the general issue with notice of fraud on plaintiff's part inducing him to execute the note; averment of the subsequent agreement above mentioned as to shortage and that the logs cut less than 70,000 feet of lumber and the standing timber contained less than 25,000 feet, and claimed the right to have judgment against plaintiff for $7,500.

At the close of defendant's proofs, plaintiff moved for a directed verdict on the note, on the grounds that no fraud had been shown; no breach established of the subsequent agreement; no proof of any damage growing out of plaintiff's failure to carry out the so-called new or changed agreement; no consideration shown for the new or changed agreement, and that the so-called agreement was only a bare promise on the part of Darling to make good and was indefinite and void for uncertainty.

The court granted the motion, saying:

"Gentlemen of the jury, no question of fact will be left to you for your consideration, but in pursuance of the motion made, the court directs you to find without leaving your seats, a verdict in favor of the plaintiff and against the defendant, in the sum of $2,583.74."

Two groups of claimed errors remain for consideration.

(*a*) Was it reversible error for the court to direct the verdict without more fully stating reasons?

(*b*) Was there sufficient evidence to entitle the defendant to have the case submitted to the jury?

Defendant relies upon *Demill* v. *Moffat,* 45 Mich. 410; *Tillotson* v. *Webber,* 96 Mich. 144; *Rayl* v. *Hammond's Estate,* 95 Mich. 22, in support of his claim that the court erred in not stating reasons for directing the verdict. Counsel for plaintiff had fully stated cogent reasons in asking for the direction and the court granted the motion and it requires no search in the dark to find the reasons for such direction. Counsel for defendant apparently had no difficulty in pointing out, in the assignments of error, the reasons entertained by the trial judge in directing the verdict. His sixth, seventh, eighth and ninth assignments of error specify four reasons entertained by the trial judge in directing the verdict, and alleges he was in error in each instance. The reasons are as plain as though the circuit judge had spread them at length upon the record in giving the instruction to the jury. The case does not fall within the rule laid down in the cases cited.

It would be going beyond reason to say that the circuit judge should have specifically recited the reasons stated in the motion in granting the motion to direct the verdict. In this instance it was sufficient for the court to adopt, by reference, the reasons stated in the motion.

Defendant was in no position to urge the original representations as to the quantity of timber in defense of this suit and claim he was defrauded thereby. He waived all claim of fraud when he obtained the new agreement covering the subject and based on the very ground that the logs and timber had been overestimated, and got back his $5,000 note.

At the trial defendant showed no breach of the new

agreement. The agreement, if made as claimed, must be taken as a whole, and cannot be divided for the purpose of giving defendant damages for the claimed shortage on the logs, without a showing that the standing timber would not compensate for such shortage.

The standing timber had not been cut at the time of the trial, neither had it been cruised or estimated or even viewed as a whole by defendant or any one for him.

Defendant testified:

"*Q.* How did you expect you could make a settlement with him until the standing timber had been cut?

"*A.* Well, I hadn't thought of it."

Giving the defendant's testimony the most favorable consideration, it shows no more than a possible contingent claim for an indefinite amount, dependent upon the quantity of lumber capable of being cut from the trees now standing, and not yet even estimated by view of defendant or any competent cruiser or estimator.

We find it unnecessary to pass upon the question of whether there was any consideration for the new agreement, or whether it was so indefinite as to afford no basis for computation of damages for its breach. The note in suit was due, no fraud available to defendant in its procurement was shown, and no damages due for breach of contract or under contract established. No defense to the note was made, and the court was right in directing the verdict.

The judgment is affirmed, with costs to plaintiff.

Fellows, C. J., and McDonald, Clark, Bird, Sharpe, and Steere, JJ., concurred. Moore, J., did not sit.