WILLIAM H. EBERTS ET AL. v. AARON C. FISHER ET AL.

*Partition—Averments of interests.*

A bill for partition averred that the land was devised to eleven heirs who were named; that seven had assigned to defendant, who holds seven-elevenths of the property, and that complainants, who represent four of the heirs, claim the rest. *Held*, that it sufficiently averred defendant's interest and would be good for a union of four-elevenths in complainants, if it did not, indeed, show that each held one-eleventh.

Each of several devisees, standing in the same relation to the devisor, is presumed to hold an equal interest with each of the others if his interest is not expressed.

The holder of an inchoate lien for paving taxes, in the shape of a redeemable lease, need not, under Comp. L. § 6274, be made a party defendant to a bill for the partition of the property; it is proper however to make him so, and in case of non-redemption the lien may be made chargeable on the defendants, as the final form of relief may make suitable.

----

* STATE OF MICHIGAN, COUNTY OF WAYNE, SS:

" An estate in possession " within the meaning of the statute for partition (Comp. L. § 6268) means merely an estate in present enjoyment, whether occupied by defendants' tenants or entirely unoccupied.

Where a tenant in common of land in partition is also a lessee of the land, it saves circuity of action to consider all of his claims together; but the jurisdiction does not depend on so doing.

Allegations in a bill for partition, as to the rights and obligations of tenants of the defendant, could only be a ground of demurrer by the tenants themselves; and being only collateral to the regular issues in partition, there is no legal objection to averring or establishing any facts that would determine the relative interests of all parties. Any facts bearing upon the termination of the lease by forfeiture or otherwise are pertinent, as the object of the bill is not properly to enforce a forfeiture, but to determine the right to a partition and the extent of the property to be partitioned.

There is no rule that equity will not recognize a forfeiture when it is only one of the incidents of a past transaction.

Where defendants in partition desire to rely on a lease made by them they must include such averments in their answers as will enable them to maintain their interests, so that, whether the land is partitioned or sold, equities may be adjusted in it or in its proceeds.

Appeal from the Superior Court of Detroit. Submitted October 29. Decided November 9.

BILL for partition. Dismissed on demurrer. Reversed.

*Alfred Russell* for complainants.

*Charles M. Swift* and *E. Y. Swift* for defendants.

CAMPBELL, J. This is a bill filed for partition. As some questions are presented touching various classes of interests it will be necessary to refer to the substantial averments of the bill as bearing upon each. The court below on demurrer dismissed the bill absolutely.

It avers as to the fee of the land, that it was owned by Phillis Eberts who died testate and devised the land to the children of her three brothers. Those children are all named, and are eleven in number. Four of them are represented by the complainants, and seven are alleged to have assigned to Aaron C. Fisher, who is said to hold seven-elevenths.

The objection that this showing is not definite enough is of no force. Where a devise is made to several persons, all standing in the same relation to the devisor, they are presumably equal holders. As the bill distinctly states that Fisher holds seven-elevenths, his interest is sufficiently averred independently, and as complainants claim the rest, the bill would be good for their interest as a union of four-elevenths, even if not otherwise full. But we think each is shown to hold one-eleventh.

S. Dow Elwood is averred to claim a lien for city paving taxes in the shape of a redeemable lease which, if not redeemed, will create a lease for years of a part of the lot. It remains inchoate until 1881. The bill shows that if the lien is valid, defendants are bound to pay it.

The statute does not require the holder of such liens not yet absolute to be made parties. Comp. L. § 6274. It is nevertheless admissible and proper to bring him in, and in case of non-redemption it can be made chargeable to defendants on the final arrangements in such manner as the ultimate form of the relief given may render proper.

The only other matter referred to is a lease, which defendant Aaron C. Fisher in his own right, and Aaron C. Fisher and John H. Van Schoick as executors of Elam Fisher, once owned and still claim to own, of the whole premises. Upon this some distinct points are presented.

In the first place it is insisted that if there is such a lease outstanding, complainants have not "an estate in possession" in the land as required by § 6268 of the statute. It is to be borne in mind that the lease, if existing, is a lease in which they are landlords, and not strangers.

There is no authority for holding that an estate in possession means an estate occupied in person and not by tenant. It means merely an estate in present enjoyment, and whether occupied by tenants or entirely unoccupied is equally within the statute. In *Campau v. Campau* 19 Mich. 116, it was explained that the statute was not intended to introduce new rules of partition. In a great majority of the early partition cases the estate included many tenants, and in several in-

stances one or more entire manors. It has been held that so far from being obstacles in the way of partition, it is not always necessary to make tenants under leases parties at all. *O'Reilly v. Vincent* 2 Malloy. 330; *Agar v. Fairfax* 17 Ves. 533. It is not important now to consider how far it would be proper or necessary to refer to the lease if it had been in the hands of strangers. As one of the tenants in common is also one of the lessees—if not the only one—it is more convenient for all parties, and will save circuity of action, to consider all of his claims together. But it cannot be maintained on any principle that the jurisdiction depends upon it.

Inasmuch as the rights and obligations of the tenants under the lease are collateral to the regular issues in partition, the allegations on that subject, whether correct or incorrect, cannot be the ground of demurrer except on the part of the tenants themselves, and Aaron C. Fisher in his own right had no footing to take such objections to the partition. But being collateral there can be no legal objection to averring or establishing any facts which would determine the relative interests of all the parties. And in this point of view any facts which bear upon the termination of the lease by forfeiture or otherwise are pertinent, because the object of the bill is not in any proper sense directly to enforce a forfeiture. It is to determine the right to a partition and the extent of the property to be partitioned. There is no rule that equity will not recognize a forfeiture, when it is only one of the incidents of a past transaction.

We do not, however, regard the bill as even seeking to reach this end. As we read it, the questions of forfeiture are superfluous. It shows a lease on various conditions and that some of those conditions were broken and entitled the lessors to re-enter. But the lease expired by its own limitation before the bill was filed. Unless renewed it has lost any efficacy. The bill claims it has never been renewed and shows no facts to the contrary. It may therefore be considered, taking the whole bill together, and until something else appears, that this lease is out of the case for most, if not

for all purposes, except that of charging the Elwood lien on Fisher's share.

If defendants desire to rely on the lease it will devolve on them, therefore, to make by their answers such averments as they think necessary to maintain their interests, so that, whether the property is partitioned or sold, all the equities may be adjusted in the land or its proceeds.

The demurrer was improperly sustained. The decree dismissing the bill must be reversed with costs. The case must be remanded to the court below that the defendants may answer on payment of costs within twenty days after notice of this order, in accordance with Rule 26, unless further time is granted by the court below.

The other Justices concurred.