SCHELLENBERG *v.* FRANK.

1. LANDLORD AND TENANT — SUMMARY PROCEEDINGS — RECOVERY
   ON BOND—ELECTION.
   By bringing suit on the appeal bond given by defendant in
   summary proceedings for the possession of leased premises,
   complainant elects his remedy and cannot afterwards main-
   tain suit in trespass for treble damages under section 24,
   chap. 308, 3 Comp. Laws, though certain items of damages
   recoverable under the statute are not recoverable in suit on
   the bond.

2. SAME—CONSTITUTIONALITY OF STATUTE.
   Section 25, chap. 308, 3 Comp. Laws, providing for an election
   of remedies, is constitutional, since it merely prescribes the
   conditions under which a landlord may pursue the statutory
   remedy.

3. SAME—SINGLE DAMAGES.
   Where plaintiff has sued on the bond pursuant to section 25, he
   can recover neither single nor treble damages under section
   24.

Error to Wayne; Rohnert, J. Submitted February 8,
1905. (Docket No. 102.) Decided February 27, 1905.

Trespass quare clausum fregit by Harry L. Shellenberg
and another against Max Frank. There was judgment
for defendant on a verdict directed by the court, and
plaintiffs bring error. Affirmed.

*Fred H. Warren*, for appellants.

*Adolph Sloman* (*A. J. Groesbeck*, of counsel), for
appellee.

CARPENTER, J. Plaintiffs, owners of a house in the
city of Detroit, leased the same to defendant. Defendant
not yielding possession at the expiration of his tenancy,
proceedings to obtain possession under chapter 308, 3

Comp. Laws, were instituted by plaintiffs. Plaintiffs obtained judgment of restitution before a circuit court commissioner. Defendant appealed from this judgment to the circuit court. The trial in that court also resulted in a judgment for plaintiffs. Suit was then brought against defendant and his sureties on the statutory bond which defendant had filed to obtain his appeal. In that suit plaintiffs recovered a judgment for the rental value of the premises up to the time of the rendition of judgment of restitution in the circuit court. That judgment was satisfied. Plaintiffs then instituted this suit in trespass to recover treble damages, under section 24 of said chapter 308 of the Compiled Laws of 1897. The items for which plaintiffs demand compensation in this suit are the rental value of the property during the time the same remained vacant after said judgment of restitution, and certain damages to the house while defendant occupied it. The trial court directed a verdict for defendant. From the judgment on said verdict, plaintiffs appeal to this court.

The trial court directed a verdict upon the ground that their former suit on the appeal bond prevented plaintiffs from maintaining this suit. The correctness of this decision, which is challenged by plaintiffs, depends upon the construction and constitutionality of the following portion of section 25 of said chapter:

"If the complainant obtain restitution of said premises he may, at his election, sue and recover on said bond, or bring his action against the defendant, under section twenty-four of this chapter."

It is clear that this language gives a landlord an election of remedies, and that, having successfully maintained a suit on the bond, he has not the same right, which otherwise he would have, to maintain suit under section 24. This principle is recognized by plaintiffs, but they contend that, notwithstanding the suit on the bond, they may still recover, under section 24, for such items of damages as could not be and were not recovered in the suit on the bond. According to this contention, the language, "he

may, at his election, sue and recover on said bond, or bring his action against the defendant, under section twenty-four," permits a landlord, under certain circumstances, to maintain both actions. The language is not susceptible of any such construction. The only election contemplated is an election between the two specified remedies, and the only construction which can be given the statute requires us to hold that, by suing on the bond, plaintiffs made an election which prevents their suing under section 24. The circumstance that plaintiffs might recover under section 24 for items of damages which could not be compensated in the suit on the bond was one to be considered by them before they made their election, but it does not affect the consequences of the election which we must hold they have deliberately made.

Plaintiffs contend that, as thus construed, that part of section 25 which provides for an election of remedies is unconstitutional. A clear conception of the statute removes all doubt of its constitutionality. By section 24 the legislature has given the landlord a new remedy. By section 25 he is denied the right to use that remedy if he sues on the appeal bond. To assert that the legislature has no authority to compel a landlord to make such an election is to deny to the legislature authority to prescribe the conditions under which one may use a statutory remedy. The authority to prescribe such conditions is implied in the constitutional grant of authority to legislate. In our judgment, therefore, the statute is constitutional.

Some of the items of damages sought to be recovered by plaintiffs cannot be trebled, under section 24. They seek to recover compensation for those items as "other damages" specified in said section. See *Hitchcock* v. *Pratt*, 51 Mich. 263. We are called upon to determine whether the principles of this decision permit plaintiffs to recover in this suit single damages for these items. It is idle to urge that plaintiffs might have recovered these damages at common law. According to the common law, they could not have recovered in the form of action they

have adopted in this suit.    Under their declaration, plaintiffs' right to recover such single damages is based on and depends upon section 24.    Without availing themselves of the provisions of section 24, plaintiffs can recover in this suit neither treble nor single damages.    Our conclusion that plaintiffs' election has deprived them of the right to sue under section 24 is therefore just as fatal to their claim for single damages as it is to their claim for treble damages.

It follows that the judgment of the court below should be affirmed, with costs.

MOORE, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.