BROWN v. BROWN.

1. FRAUDS, STATUTE OF—LEASE—APPEAL BOND.

In an action upon an appeal bond from circuit court commissioner to the circuit court, the defense that the tenant had entered into an oral compromise with the plaintiff, his lessor or vendor, to surrender his interest in the premises, was within the statute of frauds, under a land contract in writing which provided for forfeiture if the vendee of the premises failed to perform his contract of purchase, and that in such event the vendee should be liable for rent from a date stated after the execution of the contract.

2. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — UNCONSCIONABLE PROVISIONS—EQUITY.

Unconscionable provisions in a land contract that might have been injurious to the vendee if on foreclosure proceedings the vendor had insisted upon a literal enforcement, would not render the contract void where no advantage was taken, and the amount computed to be owing was equitably due.

Error to Chippewa; Fead, J. Submitted June 21, 1916. (Docket No. 98.) Decided March 29, 1917. Rehearing denied June 1, 1917.

Assumpsit by David Brown against Hugh Brown and others upon an appeal bond. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*Albert E. Sharpe*, for appellants.

*John W. Shine*, for appellee.

BIRD, J. The plaintiff claimed that defendant Brown was occupying his farm in Chippewa county as a tenant, and he brought summary proceedings before the circuit court commissioner to oust him. Judgment of ouster passed, and defendant Brown appealed to the circuit court and gave a bond in the penal sum of $1,200, with the other defendants herein as sureties. A like result was reached in the circuit court. This suit was then instituted against defendant Brown and his sureties to recover the penalty of the bond. Plaintiff prevailed in this suit, and recovered a judgment for the full penalty of the bond, by direction of the court. Upon these proceedings the defendants have assigned error.

Plaintiff made out that defendant Brown was his tenant in this way: He sold him the farm in 1903 for $7,000 on land contract, which provided that in case of defendant's default to perform the contract, the plaintiff might elect to treat him as his tenant, and that, in the event a forfeiture was declared, defendant Brown should be liable for rent of the premises from the 1st day of April following the date of the contract. Defendant Brown defaulted in the performance of the contract and the plaintiff elected to, and did, declare the contract forfeited. The bond upon which the suit was brought provided that if appellant

was defeated in the circuit court he would pay all rent due and to become due. Consequently plaintiff showed these facts upon the trial and made proof of the amount due as rent, and after deducting the payments thereon a sum in excess of the $1,200 was found to be due. Defendant Brown finds no particular fault with the figures, if that theory is to prevail; but he defended on the ground that he made an oral agreement with plaintiff whereby he was to have $1,500 out of the sale of the farm, which the plaintiff had arranged with one Godfrey, and that the same was to be paid to him for his interest in the farm before he removed therefrom. The further defense was made that the forfeiture clause was unconscionable and void.

1. The defense made by defendant, that he agreed with plaintiff for a consideration of $1,500 to surrender his interest in the premises, was properly rejected by the court, because the agreement was oral, and therefore clearly within the statute of frauds.

2. The other defense, that the contract was unconscionable and void, is based upon the following provision of the contract:

"But in case this contract is declared void as aforesaid, the said party of the first part expressly agrees to allow as a credit on said rental all sums paid to him by said second party to apply on the principal of this contract, but will not allow a credit for any interest on principal, tax, assessment, or insurance paid by said party of the second part, or for any improvements made by said party of the second part on said premises, during the operation and life of this contract."

The provision is rather an unusual one, and, had plaintiff attempted on the trial to compute the rent due in accordance with the letter of this provision, we would have been called upon to express some opinion concerning it; but he did not so compute it. The defendant was allowed for all the payments he had made, together with interest thereon. To the annual

rental was added annual interest from the date it was due down to the date of the trial. From this was deducted all payments, plus the interest, which defendant had made thereon. We are unable to see how defendant was harmed, even if it be conceded that the provision referred to is unconscionable and void. The mere fact that this provision might have been injurious to him, if plaintiff had insisted upon a literal enforcement of it, is no ground for complaint.

The trial court properly directed a verdict for the amount of the bond, and the judgment will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., took no part in the decision.