## BROWN v. BROWN.

1. EQUITY—FORFEITURES.
   Equity will recognize a forfeiture when it is simply an incident of a past transaction.

2. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—VENDOR AND PURCHASER—RE-ENTRY.
   The taking of summary proceedings by a vendor and landlord, upon the failure of the purchaser to comply with the provisions of his contract for purchase, and judgment thereon constitutes a re-entry upon the part of plaintiff.

3. VENDOR AND PURCHASER—LAND CONTRACTS—GROWING CROPS—
JUDGMENTS.

Where a judgment was rendered against a contract pur-
chaser in summary proceedings and the premises had been
sold to another under an agreement between the vendor
and contract purchaser, upon the latter's default in pay-
ment, growing crops upon the premises planted by the
contract purchaser, where the rights of the second pur-
chaser had been assigned to the vendor, belonged to the
vendor as against the contract purchaser.

4. SAME—JUDGMENTS—EQUITY—JURISDICTION—RECEIVERS.

Where a contract purchaser of land held over after a judg-
ment against him in summary proceedings and the ven-
dor, in proceedings for a receiver to harvest crops grown
by the contract purchaser filed an ancillary petition for
the payment to him of the proceeds of a judgment on a
bond given by defendant conditioned upon his payment of
the proceeds of such crops to the clerk of court if a judg-
ment was entered against him in the summary proceedings
on appeal, the decision of the court in an action on the
bond that a court of equity had jurisdiction to appoint a
receiver or compel the giving of a bond was binding.

5. SAME—LAND CONTRACTS—DEFAULT—BONDS—SETOFF AND RE-
COUPMENT.

Where a contract purchaser of land, who has made de-
fault, gives a bond conditioned upon his paying to the
clerk of court the proceeds of crops raised by him on the
premises if a judgment on appeal is entered against him
in summary proceedings by the vendor to recover posses-
sion, fails, in a suit on the bond, to request the court to
grant an allowance for harvesting and marketing the
crops, as authorized by the decree in proceedings for the
appointment of a receiver to harvest the crops and in
which the bond was given in lieu of the appointment of
a receiver, and elects to stand upon the invalidity of the
court's action in requiring the bond or the appointment
of a receiver, he cannot, on an ancillary petition in such
receivership proceedings to compel payment of the pro-
ceeds of the judgment on such bond by the clerk of court,
set off against the amount of the bond such expenses

6. SAME—JUDGMENTS—BONDS—ACCOUNTING.

Where judgment was rendered against the defaulting con-
tract purchaser of land, who was defendant in an action

on an appeal bond, given in summary proceedings by the vendor to obtain possession of the premises, conditioned upon the payment to plaintiff of rent due or to become due up to the time plaintiff obtained possession, and at the time of the trial of the action on the appeal bond there was due as rent a sum exceeding the amount of the bond, and no claim for rent of the farm for the year that the purchaser was wrongfully occupying the farm was made, *held*, that there was no allowance of a double recovery in permitting recovery on a bond conditioned for the accounting to the clerk of court of the proceeds of crops for such year, which was allowed in lieu of a provision for the appointment of a receiver for such crops. BIRD, J., dissenting.

Appeal from Chippewa; Fead, J. Submitted January 12, 1917. (Docket No. 117.) Decided June 1, 1917.

Petition by David Brown against Hugh Brown for the payment to plaintiff of money in the hands of a receiver. From a decree for defendant, petitioner appeals. Reversed, and decree entered for petitioner.

*John W. Shine,* for petitioner.

*Albert E. Sharpe,* for defendant.

In the year 1903, plaintiff, who was the owner of a large farm, entered into a contract with the defendant for its sale. The contract is very full and explicit and provides among other things:

"And it is further expressly agreed that, in case this contract is declared void as aforesaid, said party of the second part shall at once become a tenant of said premises under said first party, * * * and said second party shall be liable to said first party for rent for said premises from the date of this contract, until the 1st day of April following the declaration of this contract as void, at which time his tenancy shall cease, and he shall become a tenant holding over without permission, and said party of the first part may then take

immediate possession of said premises and remove the said party of the second part therefrom."

Defendant continued to occupy the farm under said contract until the fall of 1912, a period of more than nine years. He had fallen in arrears in the payments provided for by the contract, and was indebted to the plaintiff in the sum of $4,000 or upwards. This being the situation, plaintiff and the defendant agreed that plaintiff should resell the farm to one Godfrey for the sum of $10,000, Godfrey to secure possession of the same on January 1, 1913. Deducting the several accounts due from defendant to plaintiff under the terms of the contract, there remained a balance of something less than $1,000, which constituted the equity of the defendant in the farm. While there is no dispute between the parties as to the fact that defendant was ultimately entitled to this amount, there arose a dispute as to when plaintiff should pay the same to defendant; it being defendant's claim that his equity should be paid to him in cash before he surrendered possession of the farm, which claim was disputed by the plaintiff. In the meantime, in the fall of 1912, Godfrey, with defendant's consent, had gone onto the farm and plowed about 20 acres, which was to be planted the following spring.

Godfrey having been refused possession of the farm under his contract, plaintiff on February 8, 1913, served notice on defendant, declaring the contract forfeited, as he was entitled to do under its express terms. The service of this notice, by the terms of the contract, terminated the tenancy of the defendant on the 1st day of April, 1913. The defendant, however, disregarding his contractual obligation, refused to vacate the premises, whereupon, on May 14, 1913, plaintiff commenced summary proceedings before the circuit court commissioner to secure possession. While this suit was pending before the commissioner, defendant

filed a bill in chancery, praying for an injunction restraining plaintiff from prosecuting a suit for possession, under the claim that he (defendant) had no legal defense to the action. This relief was denied by the court in chancery, and on May 23, 1913, judgment in favor of the plaintiff for the possession of the premises was entered by the commissioner. Defendant immediately appealed from this judgment of the circuit court commissioner to the circuit court and filed a statutory bond in the sum of $1,200. Defendant continued in possession after the judgment rendered by the circuit court commissioner and proceeded to plant with oats the 20 acres, plowed by Godfrey the previous fall. The balance of the farm, some 130 acres, was at this time covered with a crop of growing hay.

On June 12, 1913, before either the hay or oat crop was ready for harvesting, plaintiff filed a petition in the court in chancery, asking for a receiver to harvest the crops and market them pending the litigation for possession. Defendant answered this petition, and the matter came on for hearing before the circuit judge, who made a decree in the alternative, which provided for the appointment of a receiver to take possession of the growing crops unless the defendant filed a bond in the penal sum of $1,400, conditioned upon his accounting for the value of the same to the clerk of the court. Defendant thereupon filed the bond. He still continued in possession and proceeded in due season to harvest the hay crop and the oat crop as they severally matured. These crops defendant sold with alacrity and refused to account for the proceeds thereof to the clerk of the court, as by the terms of the decree he was commanded to do. Having violated the provisions of the bond, plaintiff then filed a petition with the circuit court for leave to bring suit upon the bond. This leave was granted, and upon the trial of that suit defendant insisted that the bond in question was ab-

solutely void, because the plaintiff had elected to proceed against defendant by means of a suit at law to recover possession, and therefore that a court of equity was without jurisdiction to either appoint a receiver or compel the giving of a bond. The court below, however, was of opinion that defendant's occupancy of the premises after April 1, 1913, being clearly wrongful, and according to his own petition, filed in chancery, manifestly illegal, the crops grown upon the farm during such illegal occupancy should be preserved either for the benefit of the plaintiff or for Godfrey. A verdict was therefore directed in favor of the clerk for the amount of the bond.

Defendant immediately appealed from that judgment to this court. It was here contended in that case, as it was below, that the court in chancery was without jurisdiction to compel the giving of the bond in the first instance because, *inter alia*, the plaintiff had resorted to legal measures to recover possession of the farm from defendant. The contentions of the defendant were considered by this court, were found to be without merit, and the judgment was affirmed. *Parsille* v. *Brown*, 188 Mich. 485 (154 N. W. 569). That judgment having been affirmed, and the money being in the hands of the clerk, the plaintiff thereupon filed an ancillary petition in this cause, praying that an order be made to turn over the money to him. To this petition defendant filed an answer, and a hearing in open court followed. The learned trial judge, after full consideration, concluded that the plaintiff, having elected to proceed at law for recovery by summary possession of the premises, could not maintain his right to the fund in question. He further held that to direct the payment of the fund to the plaintiff would amount to the enforcement of a forfeiture to which equity will not lend its aid. A decree was thereupon entered, providing for the return to the defendant of the money

in the hands of the clerk, from which decree plaintiff appeals.

BROOKE, J. (*after stating the facts*). It is entirely apparent from a perusal of this record that after April 1, 1913, defendant continued in possession of the farm without shadow of right. In his opinion herein the learned circuit judge says:

"Defendant's financial condition, his evident desire to prevent complainant and Godfrey having the use of the farm as long as he could prevent it, after having agreed to deliver possession on January 1st, the fact he was holding, not by virtue of the original contract, nor with a claim of right, but as a 'strong arm' measure to compel complainant, in order to save trouble, to pay him the sums he claimed, the fact he was estopped from disputing Godfrey's right of possession, his entire lack of good faith, led inevitably to the conclusion that, unless the court took charge of the crops in some way, neither complainant nor Godfrey, in case he were finally found to be entitled to them, would have any redress."

It is equally apparent that he determined, rightly or wrongly, to possess himself of the crop of 1913 and to evade an accounting therefor as ordered by the decree of the circuit court. That crop, as shown by our former opinion (*Parsille* v. *Brown,* 188 Mich. 485 [154 N. W. 569]), was worth $1,900. On October 1, 1913, having disposed of the crop, he vacated the premises. In the meantime the judgment of the circuit court commissioner has been affirmed in the circuit court, and no appeal has been taken therefrom. A suit upon the bond given in the summary proceedings resulted in a judgment for plaintiff, which was removed to this court for review. An opinion in that case is handed down herewith. 194 Mich. 578 (161 N. W. 823).

We are of opinion that the court below was in error in holding that:

"Complainant is seeking the aid of a court of equity to enforce a forfeiture."

Equity will recognize a forfeiture, when it is simply an incident of a past transaction. *Eberts* v. *Fisher*, 44 Mich. 551 (7 N. W. 211). The petition in this case is filed, not for the purpose of enforcing a forfeiture, but to secure the payment of money heretofore collected in an action at law and now in the hands of the clerk of the court. The forfeiture had already become complete at the time the decree was made providing for the appointment of a receiver or the giving of a bond in the alternative. Judgment of restitution of the premises had already been rendered against defendant. His failure to comply with the judgment was the cause which induced the court to enter its decree for a receiver to conserve a crop to which defendant had no shadow of right. The taking of summary proceedings and judgment thereon amounted in legal effect to a re-entry upon the part of the plaintiff. Sections 9714-9725, 3 Comp. Laws (3 Comp. Laws 1915, §§ 12311-12322); *Alexander* v. *Hodges*, 41 Mich. 691 (3 N. W. 187). The affirmance of judgment of restitution now standing unappealed from conclusively shows that the conduct of the defendant was wholly without warrant.

We are of opinion that at the time of the filing of the bill in this case, which was while the crops in question were growing, they were in fact and in law the property of either the plaintiff or of Godfrey, and, Godfrey's interest having been acquired by the plaintiff, the title was in the plaintiff. Upon this question the following authorities are in point: *Heilwig* v. *Nybeck*, 179 Mich. 292 (146 N. W. 141, Am. & Eng. Ann. Cas. 1915D, 356); *Wadge* v. *Kittleson*, 12 N. D. 452 (97 N. W. 856); *Freeman* v. *McLennan*, 26 Kan. 151; *Crotty* v. *Collins*, 13 Ill. 567; *Cheney* v. *Bonnell*, 58 Ill. 268. Aside from this fact, the question having been

raised by the bill and answer filed in this case, the decree ordered a receiver for the crop or the giving of a bond by the defendant to account therefor. The condition of this bond was that, if the plaintiff should be adjudged entitled to the possession of the farm, the defendant should account. Plaintiff has been adjudged entitled to the possession and defendant has not accounted. It is worthy of note that the decree providing for the appointment of a receiver and the giving of a bond stands unappealed from. The claim now made by counsel for appellee that the court was without jurisdiction to order a bond in the principal case is passed without discussion. That question is now foreclosed by our former opinion. Had defendant seen fit, when suit was brought upon the bond, to apply to the court for an allowance for harvesting and marketing the crops as provided in the decree, such allowance could properly have been made. He did not, however, take this course, and, having elected to stand upon the invalidity of the court's action, we are of opinion that he cannot now set off against the amount of the bond his expenses for harvesting and marketing the crop.

An examination of the record in this court in the case predicated upon the appeal bond shows that the bond is conditioned upon the payment by Hugh Brown to defendant of "all the rent due or to become due to said complainant for said lands up to the time when said complainant shall obtain possession thereof." It further discloses that at the time of the trial of that case in the court below there was due as rent from Hugh Brown to David Brown upwards of $5,000. It further appears in that case that no claim was made for the rent of the farm for 1913, except for the use of the buildings and pasture. In directing a verdict in that case in favor of the plaintiff the court said:

"The plaintiff has, under the undisputed testimony in this case, shown a right to rent largely in excess of

the amount of the bond upon which suit is brought—that is to say, $1,200—and consequently he would be entitled to a verdict for that amount."

It is apparent, therefore, that in permitting recovery upon the $1,400 bond given in the case at bar there is no double recovery.

The decree of the court below is reversed, and a decree will be entered in this court providing for the payment to the plaintiff of the sum now in the hands of the clerk.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and FELLOWS, JJ., concurred with BROOKE, J.

BIRD, J. (*dissenting*). The proceedings before the commissioner resulted in a verdict which entitled plaintiff to the possession of the premises. *Brown* v. *Brown,* 194 Mich. 578 (161 N. W. 823). He could then elect to sue on the bond or to proceed against the defendant to recover his damages (3 Comp. Laws, § 11176, 3 Comp. Laws 1915, § 13252), but he is not entitled to pursue both remedies (*Schellenberg* v. *Frank,* 139 Mich. 183 (102 N. W. 644) ; and this is so, even though he claims damages which could not be recovered in an action on the bond. (*Id.*) The judgment rendered for plaintiff in the summary proceeding included all rent due up to and including the year 1913, and a verdict was directed therein upon the request and statement of plaintiff's counsel that a judgment for the penalty of the bond would waive any rent due in excess of such penalty. In the present proceeding plaintiff is now seeking to recover the value of the crops raised in 1913, when he has already recovered the rent for that year. *Brown* v. *Brown, supra.* My opinion is that there is no further indebtedness to satisfy, and no indebtedness upon which the penalty of the bond in the present case can be applied.

This was the view of the trial court, and I think his conclusion should be affirmed.