UNITED OIL REFINING CO. *v.* LARKINS.

FRAUDS, STATUTE OF—CANCELLATION OF LEASE AND OPTION.
A letter signed personally by a broker, who was employed to sell the capital stock of an oil company, purporting to surrender and cancel a lease and option owned by the company, falls within the condemnation of the statute of frauds (3 Comp. Laws 1915, § 11975); the broker not being a person "lawfully authorized in writing" to surrender and cancel same.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted April 21, 1927. (Docket No. 164.) Decided July 29, 1927.

Bill by the United Oil Refining Company against Joseph Larkins for specific performance of an optional land contract. Defendant filed a cross-bill for affirmative relief. From a decree for defendant, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Clark, Emmons, Bryant & Klein,* for plaintiff.

*Richard I. Lawson (P. J. M. Hally, Jr.,* of counsel), for defendant.

CLARK, J.   Plaintiff is assignee of the lessee in a lease of a parcel of land in Detroit. An option to purchase was an integral part of the lease. It filed bill for specific performance of the option and was met by the defense that the lease and option had been canceled and surrendered. Defendant had decree. Plaintiff has appealed.

In November, 1924, MacDonald owned or controlled all of the capital stock of plaintiff company, which conducted a number of oil stations which it possessed

Frauds, Statute of, 27 C. J. §§ 373, 376, 380.

under several leases. Its most valuable asset was the lease and option first mentioned. It was insolvent. MacDonald wanted to sell, and to that end he employed A. W. Wallace, a broker, who brought about a transfer of all the capital stock of plaintiff, for which he received a block of stock in another company and for which he agreed to satisfy plaintiff's creditors and to pay MacDonald a sum of money, all of which he did with one exception. Defendant Larkins was a creditor in the sum of $10,000. He seems to have known that he could acquire record title to the parcel covered by said lease and option. Anderson was also a creditor to the amount of about $12,000 and he held the said lease and option as collateral security. Wallace's method of satisfying Larkins' claim was to pay a part of it in cash and for the remaining $7,500 to agree to cancel and surrender to Larkins the lease and option, and on November 12, 1924, Larkins and Wallace exchanged letters covering the transaction. The letter to Larkins relative to surrender and cancellation of the lease and option is signed "A. W. Wallace." The unexpired portion of the term of the lease was one year and nine months. Some time later Anderson was paid and the lease and option was returned to plaintiff. Larkins acquired record title to the parcel subject to the lease and option. Later plaintiff learned of defendant's claim of cancellation and surrender. It tendered performance on its part and requested deed and was refused. This suit followed.

We need not consider the effect of Wallace's owning all of the capital stock of plaintiff company at the time in question, as we find that he did not own it. Wallace was not a person "lawfully authorized in writing" to surrender and cancel the lease and option. Wallace's personal letter to defendant Larkins falls within the condemnation of the statute of frauds.

3 Comp. Laws 1915, § 11975; *Tuttle* v. *Bristol,* 142 Mich. 148; *Pontiac Nursery Co.* v. *Miller,* 236 Mich. 511; *Brown* v. *Brown,* 194 Mich. 578.

Decree reversed.    Defendant's crossbill is dismissed. Plaintiff will have decree for specific performance, with costs of both courts.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.    SNOW, J., did not sit.