SHAULL v. UNITED STATES et al.

No. 9406.

United States Court of Appeals
District of Columbia.

Argued March 3, 1947.

Decided May 19, 1947.

Mr. Claude L. Dawson, of Washington, D. C., for appellant.

Mr. E. W. Dillon, of Columbus, Ohio, pro hac vice, by special leave of Court, with whom Mr. William J. Brown, of Washington, D. C., was on the brief, for appellees Paul Hewetson and Thomas B. Collins.

Mr. Richard N. Ivins, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, of Washington, D. C., Searcy L. Johnson, Special Assistant to the Attorney General, and Fendall Marbury, Attorney, Department of Justice, of Washington, D. C., were on the brief, for appellees United States of America, Omar N. Bradley, Administrator of Veterans' Affairs, and William A. Julian, Treasurer of the United States. Messrs. Sidney S. Sachs, Assistant United States Attorney, and Thomas E. Walsh, Attorney, Department of Justice, both of Washington, D. C., also entered appearances therefor.

Before STEPHENS, EDGERTON, and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The question presented by this appeal is whether the District Court of the United States for the District of Columbia should establish and supervise the administration of a parol trust in the proceeds of government converted insurance on the life of Thomas L. Collins.

Many years ago Collins lived in Columbus, Ohio, where for a time he was engaged in business with his half-brother, Paul Hewetson. Collins was then married and had one son, Thomas B. Collins. The business failed and the marriage terminated in divorce. In 1935 Collins was married in Illinois to a second wife, Elizabeth, and thereafter made his home in Pittsburgh, where there were born two sons, Joseph S. and Paul Francis. In 1940 they removed to Washington, D. C., and remained there

until July, 1942, when they went to Cedar Rapids, Iowa, to live with Elizabeth's mother, Mrs. Marilla Shaull. Soon after their arrival at Cedar Rapids, Collins was taken to a veterans' hospital in Des Moines, Iowa, where he died on August 15, 1942. Government insurance on his life of the value of $10,065.60 has not been paid.

In November, 1939, the decedent wrote to the Veterans' Administration revoking a prior designation of his wife, Elizabeth, and son, Thomas B., as beneficiaries of his policy, and asking to substitute "my brother Paul Hewetson, * * * 10,000 to be held in trust for my children Thomas B., Joseph S. and Paul Francis Collins."

He was advised by the Veterans' Administration that, although he could name a beneficiary as trustee, "this Administration would not accept the responsibility of carrying out the trust so that the names of the cestuis que trust should not be given." No attempt was made to explain the novel idea that the naming of cestuis que trustent would cast on the Veterans' Administration the responsibility of carrying out the trust. But in obedience to that official ruling Collins submitted a new designation of Hewetson, as trustee, to be the beneficiary of the policy, omitting any reference to cestuis que trustent.

Mrs. Marilla Shaull, guardian of her two small grandsons under appointment by an appropriate Iowa court, in 1943 notified the Administrator of Veterans' Affairs that the beneficiary named in the policy was in fact trustee for the three sons of Thomas L. Collins and that, therefore, two-thirds of the proceeds should be in trust with him for her wards. Upon receipt of that claim, the Administrator declined to pay the proceeds to Hewetson and refrained from making any award under the policy. Why Mrs. Shaull's assertion caused the Administrator to withhold payment to the designated beneficiary does not appear, but it is reasonable to assume that the government thought it best to await an authoritative determination of the terms and conditions of the trust before disbursing the proceeds of the policy.

Asserting that Collins had orally declared the policy to be in trust for the equal use and benefit of his three sons, and relying on § 19 of the World War Veterans' Act of 1924, as amended, being § 445, Title 38 U.S.C.A.,[1] as giving jurisdiction to the District Court of the United States for the District of Columbia, the guardian sued to have that court establish the alleged parol trust, define its terms and conditions, appoint a trustee, require him to give security for the faithful performance of his duties, and supervise his administration of the trust. The defendants were the United States, its Treasurer and Administrator of Veterans' Affairs, Paul Hewetson and Thomas B. Collins. When the suit was filed, Hewetson was still a citizen and resident of Columbus, and young Collins, then in the armed services, apparently was domiciled in that city. Answers were filed by all the defendants. Depositions were taken and an affidavit of Hewetson was filed.

The District Court, without an explanatory opinion, granted summary judgment to the United States, Thomas B. Collins and Paul Hewetson. It dismissed the complaint as to the Treasurer of the United States and as to the Administrator of Veterans' Affairs on the ground that a cause of action against them was not stated. The guardian appeals.

We consider first whether the District of Columbia court had jurisdiction under

---

[1] The pertinent portion of § 19 is as follows:

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the district court of the United States for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * * All persons having or claiming to have an interest in such insurance may be made parties to such suit, and such as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct. * * *."

§ 19. The defendants[2] argue that the guardian does not and cannot claim the proceeds of the policy in the sense in which the word "claim" is used in the statute; and that, even if she were a proper claimant, a disagreement between her and the Veterans' Administration does not appear; from which they conclude that the court in the District did not have jurisdiction.

■ The contentions are untenable. In averring that her wards are the beneficial owners of two-thirds of the trust fund, the guardian was making, in a very real sense, a claim to a portion of the proceeds of the policy.[3] We hold that Mrs. Shaull's notice to the Veterans' Administration amounted to a claim under a contract of insurance.

This leads us to the question whether there was a "disagreement as to claim" between the guardian and the Administration. When the United States denied the existence of a parol trust under which the infants were the beneficial owners of a portion of the trust fund, and asserted that it would have theretofore paid the money to Hewetson, trustee, except for Mrs. Shaull's claims, it admitted the existence of a disagreement with her as to the manner in which the proceeds should be disbursed. Her only contention was that Hewetson was to receive two-thirds of the fund in trust for the two small boys; if the United States had agreed with her, it would have paid the money to Hewetson without further ado. Instead of agreeing, the government expressly denied the guardian's contention in that regard, and refused to pay the proceeds to Hewetson. In such circumstances, we hold that there was a disagreement in the statutory sense between a claimant and the Veterans' Administration.

■ The suit having been properly brought in the District of Columbia under the terms of § 19, the court had power also to adjudicate all claims with respect to the policy, including those which were made by Hewetson and the adult son of the insured. As the two defendants last named answered and pleaded to the merits without reservation, they are for that reason also unable to challenge the court's jurisdiction over them.

The propriety of summary judgments in favor of the defendants, the United States, Hewetson and Thomas B. Collins, is next to be considered. The answers of Hewetson and young Collins admit that the decedent orally declared a trust for the use and benefit of his three sons, although the answer of the United States denies it. The pleadings of all the defendants deny that the three sons were to share equally in the proceeds of the trust. Hewetson claims in his answer that "the manner, amount and method of disbursement as between said three children, * * * were left entirely to the judgment of this defendant as trustee." There was thus made an issue of material fact as to the terms and conditions of the trust.

■■ But when the motions for summary judgment were submitted, the depositions and affidavit on file had disspelled that issue of fact. It was established, without contradiction, that in July, 1939, Collins informed Hewetson of his plan to make him trustee for his three sons. Collins' letter

[2] The parties will be referred to as they were designated in the District Court. The appellant was the plaintiff and the appellees were the defendants.

[3] In 1935 the Congress amended § 19 of the World War Veterans' Act of 1924 to relax the strict construction which the courts had given to the statutory word "disagreement." It added to the section the following, which is now § 445c, Title 38 U.S.C.A.:

"A denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 445 of this title. This section is made effective as of July 3, 1930, and shall apply to all suits pending on January 28, 1935, against the United States under the provisions of section 445 of this title, and any suit which has been dismissed solely on the ground that a denial as described in this section did not constitute a disagreement as defined by section 445 of this title may be reinstated within three months from January 28, 1935."

It is our view that the amendment manifests a legislative intent that § 19 be liberally construed.

to the Veterans' Administration in November, 1939, clearly stated that the trust was to be for the three boys. Never at any time did he indicate an intention to authorize or permit inequality among the sons as to the benefits of the trust fund. Hewetson so testified,[4] contrary to the allegations of his own answer. If, as asserted, Collins established a trust for the three beneficiaries, it was for their equal use and benefit, due to the admitted absence of any instructions by the trustor to the contrary.[5] There was therefore no genuine issue of material fact as to the terms and conditions of the trust, but the District Court erred in granting summary judgment to the United States and the two individual defendants. The trust having been clearly established and in the manner contended for by the guardian, summary judgment for the plaintiff was justified.

Legal issues remain to be considered. The position of the defendants is that the court should not establish the parol trust, should not declare its terms and conditions, and should not require the trustee to give security and render accountings,

because Hewetson testified that his brother wanted to avoid the cost of a surety bond and the expense of court supervision.

The defendants' position is unsound, even if it be granted that Collins wanted to avoid court procedure and desired Hewetson to serve without bond. When, as here, an interested party makes application that it do so, a court of equity will exercise its inherent jurisdiction to declare and enforce a trust, and to control its administration.[6] Even though the settlor has excused the trustee from giving security, the court may require it,[7] and should do so on motion of a cestui que trust. The prime concern of a supervisory court is to safeguard the trust fund and to protect the interests of the beneficial owners. A most effective way to afford such protection to an apprehensive beneficiary is to require the trustee to give bond.

Judicial interpretation is particularly necessary concerning a parol trust, in order that after an examination of all available evidence an authoritative definition of its terms and conditions may be

---

[4] According to Hewetson, Collins told him in July, 1939, of the trust which he expected to confide to him. The following questions and answers appear in his direct examination:

"Q. 43: Now, at the time we are speaking of (July, 1939), did he state whether or not he gave you any instructions or indications as to how this money was to be divided as between the boys? A.: No.

"Q. 87: Now I believe you said in reference to this trusteeship that in the change of beneficiary on the converted government insurance contract that your brother, Thomas L. Collins, gave you no instructions as to how the money was to be divided. A.: That is right."

After that conversation Hewetson saw his brother only once, the occasion being in Washington in March, 1942. Had Collins made any statements at that time concerning the terms and conditions of the trust already established, such statements might not have been admissible. But we regard it as not without significance that Hewetson says he made no statements in that regard:

"Q. 60: State whether or not at any time after your brother made this change of beneficiary under this policy, if he in

any way gave you any instructions as to the division of money as between Thomas B., Joseph and Paul. A.: No."

[5] Loring v. Palmer, 118 U.S. 321, 341, 6 S.Ct. 1073, 1080, 30 L.Ed. 211. In that opinion the Supreme Court said:

"* * * the rule in Michigan, as well as in all other states where the principles of the common law prevail, is that where a conveyance of lands is made to two or more persons, and the instrument is silent as to the interest which each is to take, the presumption will be that their interests are equal. Campau v. Campau, 44 Mich. 31, 34, 5 N.W. 1032; Eberts v. Fisher, 44 Mich. [551], 553, 7 N.W. 211. Under this rule the purchase by Loring, as trustee, was for the equal benefit of the three parties in interest, and the trust, therefore, enured in that way. * * * There is nothing whatever on the face of the papers to indicate that at the time the contract was made and the trust created it was expected that one should have a greater interest in the purchase than another."

[6] Village of Brookfield v. Pentis, 7 Cir., 101 F.2d 516. See also 54 Am.Jur., Trusts, § 283.

[7] Bogert, The Law of Trusts and Trustees, vol. 1, § 151, n. 41, p. 456.

recorded in permanent form. No longer dependent upon the uncertain memory of man, all interested parties may then be certain of their rights and duties. Exercise of the court's inherent power concerning trusts is especially appropriate in the present case in which the trustee's desire to act without giving security and without restraint of court supervision is resisted by the beneficial owners of two-thirds of the trust fund. Although the United States supports the trustee in his wish to interpret and administer the trust in his own way, its refusal to pay the money to him significantly emphasizes the necessity for a judicial decree determining the nature of the trust and providing for the qualification of a trustee to receive the fund.

The orders of the District Court awarding summary judgment to the defendants, the United States, Hewetson and Thomas B. Collins, will be set aside. Appellant concedes that the order dismissing the complaint as to the Treasurer of the United States and the Administrator of Veterans' Affairs should be affirmed. The cause will be remanded with directions to enter a decree establishing a parol trust in the fund for the equal use and benefit of the trustor's three sons; requiring Paul Hewetson, or any other trustee, to give security for the faithful performance of his duties in such sum as the court may deem proper, and to make periodic settlements of accounts as required by law; and directing the United States to pay the proceeds of the policy to the trustee when he shall have been properly qualified. The costs of this proceeding in the District Court and in this court may be paid by the trustee out of the trust fund.

Affirmed in part, reversed in part, and remanded for proceedings in accordance with this opinion.