**Elizabeth M. WATERS, the duly qualified Testamentary Tutrix of the minors, Peter B. Waters and Isabel P. Waters, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19895.**

United States Court of Appeals Fifth Circuit.

March 29, 1963.

Rehearing Denied April 30, 1963.

---

B. Lloyd Magruder, Edmund McIlhenny, Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for appellant.

Louis R. Lucas, Asst. U. S. Atty., Louis C. La Cour, U. S. Atty., New Orleans, La., for appellee.

Before RIVES, Circuit Judge, and BOOTLE and AINSWORTH, District Judges.

RIVES, Circuit Judge.

This action on a contract of National Service Life Insurance was brought under the Act of September 2, 1958, 72 Stat. 1165, 38 U.S.C.A. § 784, which permits such an action "[i]n the event of disagreement as to claim," Sec. 784(a), and defines the critical words as follows:

"(h) The term 'claim' as used in this section means any writing which uses words showing an intention to claim insurance benefits; and the term 'disagreement' means a denial of the claim, after consideration on its merits, by the Administrator or any employee or organizational unit of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator." (Sec. 784(h).)

The complaint alleged the "disagreement" as follows:

"Petitioner filed claim and made demand in writing in her capacity as Testamentary Tutrix of and on behalf of the minors, Peter B. Waters and Isabel P. Waters, to the Veterans Administration of the United

States of America, for the proceeds of said policy of insurance, pursuant to the terms thereof, but the Veterans Administration of the United States of America denied said claim and refused to pay such proceeds as demanded unless and until your petitioner agreed to file proceedings in court specifically authorizing her to receive such funds, and to conserve such funds and refrain from expending any part thereof without prior approval of the Veterans Administration, and to refrain from intermingling such funds with other funds of said minors, and to file an annual accounting of such proceeds with the Veterans Administration, and to present said minors in person at the office of the Veterans Administration for observation annually, upon request, all of which said requirements of the Veterans Administration were made improperly and without authority."

The United States moved to dismiss on the following grounds:

"1. The Court lacks jurisdiction in that there has been no 'disagreement' or denial of plaintiff's claim.

"2. The Consent to Suit Statute (38 U.S.C. 784) makes such a disagreement or denial of claim a prerequisite to a suit on a National Service Life Insurance policy."

After hearing argument of counsel the district court rendered a memorandum opinion from which it concluded: "The dispute in this matter falls short of being a disagreement as defined by the statute, and absent such disagreement, this Court is without jurisdiction."

The court accordingly dismissed the action for lack of jurisdiction.

■ The complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Rule 8(a) (1), Federal Rules of Civil Procedure. "Whenever the question of jurisdiction of the federal District Court is presented it will be presumed that the court is without jurisdic-

tion unless the contrary affirmatively appears." Le Mieux Bros. v. Tremont Lumber Co., 5 Cir., 1944, 140 F.2d 387, 389.

■ We agree with the plaintiff that a fair reading of the complaint shows that the plaintiff's claim has been considered on its merits by the Veterans' Administration, and payment has been denied unless plaintiff agrees to the requirements set forth in the complaint. We agree further that the imposition of unlawful and unauthorized requirements as a condition precedent to payment of a claim amounts to a denial of the claim. Compare Shaull v. United States, 1947, 82 U.S.App.D.C. 174, 161 F.2d 891, 894.

As authority for the requirements, the defendant relies on certain rules and regulations appearing in Part 13 of Chapter 1 of Title 38 of the Code of Federal Regulations "issued under 72 Stat. 1114, 38 U.S.C. 210." That statute vests broad rule-making power in the Administrator of Veterans' Affairs:

"(c) The Administrator has authority to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the Veterans' Administration and are consistent therewith, including regulations with respect to the nature and extent of proofs and evidence and the method of taking and furnishing them in order to establish the right to *benefits* under such laws, the forms of application by claimants under such laws, the methods of making investigations and medical examinations, and the manner and form of adjudications and awards." (Emphasis supplied.)

■ The regulations referred to were issued "to implement 38 U.S.C. 3202, 3203 and 3311, as amended by Public Laws 86–146 and 86–211," Sec. 13.1. Only 38 U.S.C. § 3202 is pertinent here. That section gives the Administrator broad discretion as to payments to and supervision of guardians in cases "where any payment of *benefits* under any law administered by the Veterans' Admin-

**304**

istration is to be made to a minor."
(Emphasis supplied.) The plaintiff insists that the use of the word "benefits" in section 3202 denotes gratuitous payments rather than payments under contractual obligation. We do not agree that "benefits" is so limited. Indeed, the entire National Service Life Insurance Act is codified under Title 38 of the United States Code, which is broadly captioned "Veterans' Benefits." See 38 U.S.C.A. § 701 et seq. With particular reference to "benefits" to minors, 38 U.S.C.A. § 783 provides:

"§ 783. *Settlements for minors or incompetents*

"When an optional mode of settlement of National Service Life Insurance or United States Government life insurance heretofore or hereafter matured is available to a *beneficiary* who is a minor or incompetent, such option may be exercised by his fiduciary, person qualified under section 14 of title 25, or person recognized by the Administrator as having custody of the person or the estate of such *beneficiary*, and the obligation of the United States under the insurance contract shall be fully satisfied by payment of *benefits* in accordance with the mode of settlement so selected." (Emphasis supplied.)

It will be observed that the statute vesting rule-making power in the Administrator uses the word "benefits" in its broad sense. 38 U.S.C.A. § 210(c), quoted supra.

It further appears from the predecessor statutes, 38 U.S.C.A. § 450, 1952 edition, and 38 U.S.C.A. § 816, 1952 edition, as well as from the present 38 U.S.C.A. § 788, that the supervisory authority of the Administrator over payments of benefits to minors includes supervision over the payment of National Service Life Insurance.

The requirements of the Veterans' Administration as set out in the complaint appear to be authorized by 38 C.F.R. Part 13, and particularly by sections 13.59(b) (6) and (7), 13.101, 13.104 and 13.106. It would unduly prolong this opinion to quote extensively from those regulations.

 We conclude that the complaint shows that the requirements imposed upon the claimant were lawful, and hence fails to show "a denial of the claim." 38 U.S.C.A. § 784(h).

The judgment is therefore
Affirmed.